UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

NEHMIAS MUNOZ,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ROBERT
REID, POLICE OFFICER STEPHEN JONES, SERGEANT
BRIAN FLYNN, and SERGEANT JAMES KELLY,

                                       Defendants.
------------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

14 Civ. 6628 (AT) (DCF)

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Nehemiah Munoz ("Mr. Munoz") is a resident of the County of Clinton, State of New York.

7.     Defendant The City of New York is a municipal organization organized under the laws of the State of New York.

8.     Defendant The City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant The City of New York.

9.     The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10.    At all times relevant herein, Defendant Sergeant James Kelly ("Kelly") was an officer, employee, and agent of Defendant The City of New York.

11.    At all times relevant herein, Defendant Kelly was acting within the scope of his employment with Defendant The City of New York.

12.    At all times relevant herein, Defendant Kelly was acting under color of state law.

13.    Defendant Kelly is sued in his individual and official capacities.

14.    At all times relevant herein, Defendant Sergeant Brian Flynn ("Flynn") was an officer, employee, and agent of Defendant The City of New York.

15.    At all times relevant herein, Defendant Flynn was acting within the scope of his employment with Defendant The City of New York.

16.    At all times relevant herein, Defendant Flynn was acting under color of state law.

17.    Defendant Flynn is sued in his individual and official capacities.

18.    At all times relevant herein, Defendant Police Officer Robert Reid ("Reid") was an officer, employee, and agent of Defendant The City of New York.

19.     At all times relevant herein, Defendant Reid was acting within the scope of his employment with Defendant The City of New York.

20.     At all times relevant herein, Defendant Reid was acting under color of state law.

21.     Defendant Reid is sued in his individual and official capacities.

22.     At all times relevant herein, Defendant Police Officer Stephen Jones ("Jones") was an officer, employee, and agent of Defendant The City of New York.

23.     At all times relevant herein, Defendant Jones was acting within the scope of his employment with Defendant The City of New York.

24.     At all times relevant herein, Defendant Jones was acting under color of state law.

25.     Defendant Jones is sued in his individual and official capacities.

## **STATEMENT OF FACTS**

26.     On September 13, 2011, Mr. Munoz was present at or near 1890 Archer Street, Bronx, New York ("Subject Location").

27.     Mr. Munoz had been placed under arrest and was laying on his stomach on the ground with his hands handcuffed behind his back.

28.     Mr. Munoz was not in any way assaulting; battering; struggling against; or using or threatening to use any amount of physical force against the individual defendants.  In fact, Mr. Munoz was unable to do so given that he was laying on his stomach on the ground with his hand handcuffed behind his back.

29.     At that time, the individual defendants began assaulting and battering Mr. Munoz without provocation or justification.

30.     The individual defendants repeatedly struck Mr. Munoz causing serious injuries to his body.

31.     Among other things, Mr. Munoz was caused to suffer two fractured ribs, a cut near his left eye that required stitches, and a cut on his right arm that required stitches.

32.     Mr. Munoz and suffered damage as a result of Defendants' actions.  Mr. Munoz and was deprived of liberty, suffered emotional distress, physical injury, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to reputation.

**FIRST CAUSE OF ACTION**
*42 U.S.C. § 1983*

33.     Mr. Munoz repeats and re-alleges each and every allegation as if fully set forth herein.

34.     Defendants, by their conduct toward Mr. Munoz as alleged herein, violated Mr. Munoz's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

35.     As a direct and proximate result of this unlawful conduct, Mr. Munoz sustained the damages alleged herein.

**SECOND CAUSE OF ACTION**
*Excessive Force*

36.     Mr. Munoz repeats and re-alleges each and every allegation as if fully set forth herein.

37.     The individual defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Mr. Munoz.

38.     As a direct and proximate result of this unlawful conduct, Mr. Munoz sustained the damages alleged herein.

### THIRD CAUSE OF ACTION
*Failure to Intervene*

39.     Mr. Munoz repeats and re-alleges each and every allegation as if fully set forth herein.

40.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

41.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

42.     As a direct and proximate result of this unlawful conduct, Mr. Munoz sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION
*Monell*

43.     Mr. Munoz repeats and re-alleges each and every allegation as if fully set forth herein.

44.     This is not an isolated incident.  Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Mr. Munoz.

45.     Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and

moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

46.     Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

47.     Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

48.     These policies, practices, and customs were the moving force behind Mr. Munoz's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against the individual defendants, jointly and severally;

(c)     Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.

Dated: New York, New York
          September 15, 2014

                                        /s/
                                        Gregory P. Mouton, Jr., Esq.
                                        The Law Office of Gregory P. Mouton, Jr.
                                        *Attorney for Plaintiff*
                                        305 Broadway, 14th Floor
                                        New York, NY  10007
                                        Phone & Fax: (646) 706-7481
                                        greg@moutonlawnyc.com