UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NEHMIAS MUNOZ,

                                        Plaintiff,

                                                    14 Civ. 6628 (AT) (DCF)

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER ROBERT
REID, POLICE OFFICER STEPHEN JONES, SERGEANT
BRIAN FLYNN, and SERGEANT JAMES KELLY,

                                        Defendants.
------------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF
LAW OFFICE OF GREGORY P. MOUTON, JR., LLC'S
<u>MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF</u>**




**LAW OFFICE OF GREGORY P. MOUTON, JR., LLC**
Gregory P. Mouton, Jr., Esq., *Principal*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ........................................................................................................... 1

     I.     Conflict of interest justifies withdrawal.................................................. 2

     II.    Withdrawing at this stage of litigation would not duly disrupt the existing case
           schedule.................................................................................................. 2

     III.   Withdrawal of counsel will not prejudice Defendants........................... 3

     IV.   The supporting Affirmation should be filed under seal. ......................... 4

CONCLUSION ........................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Cases**

*Blue Angel Films, Ltd. v. First Look Studios, Inc.*,
No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011).............. 2, 3

*Furlow v. City of New York*,
No. 90 Civ. 3956 (PKL), 1993 WL 88260 (S.D.N.Y. Mar. 22, 1993) ......................... 3, 4

*Harrison Conference Services, Inc. v. Dolce Conference Services, Inc.*,
806 F. Supp. 23 (E.D.N.Y. 1992) ....................................................................... 4

*International Business Counselors, Inc. v. Bank of Ikeda, Ltd.*,
1990 U.S. Dist. LEXIS 2550 (S.D.N.Y. Mar. 9, 1990) ....................................... 2

*Karimian v. Time Equities, Inc.*,
No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092 (S.D.N.Y. May 11, 2011) ............... 3

*Promotica of America, Inc. v. Johnson Grossfield, Inc.*,
No. 98 CIV 7414, 2000 WL 424184 (S.D.N.Y. Apr. 18, 2000)....................................... 3

*Spadola v. New York City Trans. Auth.*,
No. 00 CIV 3262, 2002 WL 59423 (S.D.N.Y. Jan. 16, 2002)........................................... 3

*United States v. Malpiedi*,
62 F.3d 465 (2d Cir. 1995)................................................................................. 2

*Weinberger v. Provident Life & Cas. Ins. Co.*,
No. 97-cv-9262, 1998 U.S. Dist. LEXIS 19859 (S.D.N.Y. 1998)..................................... 4

*Winkfield v. Kirschenbaum & Phillips, P.C.*,
No. 12 Civ. 7424 (JMF), 2013 WL 371673 (S.D.N.Y. Jan. 29, 2013)............................. 3

**Rules**

Local Civil Rule 1.4 ................................................................................................ 1

## PRELIMINARY STATEMENT

Law Office of Gregory P. Mouton, Jr., LLC brings the instant motion respectfully requesting that it be permitted to file an Affirmation in support of the instant motion under seal and that, upon review of the Affirmation, the Court allow Law Office of Gregory P. Mouton, Jr., LLC to withdraw as counsel for Plaintiff in this matter, as well as such other and further relief as the Court may deem just and necessary.

In his Complaint, Mr. Munoz complains that on September 13, 2011, members of the NYPD repeatedly struck him as he lay on the ground on his stomach with his hands cuffed behind his back.  As a result, Mr. Munoz suffered injuries including two fractured ribs, a cut near his left eyelid that required stitches, and a cut on his right arm that required stitches.

This matter is governed by the SDNY Section 1983 Plan.  This matter has recently gone through the mediation process under the SDNY Section 1983 Plan without any resolution. Furthermore, no initial conference has yet been scheduled in this matter.

As set for in the proposed Affirmation, there exists a conflict between Plaintiff and Law Office of Gregory P. Mouton, Jr., LLC with respect to the instant litigation, warranting the withdrawal of Law Office of Gregory P. Mouton, Jr., LLC.  Furthermore, the withdrawal of Law Office of Gregory P. Mouton, Jr., LLC as counsel will not interrupt the litigation schedule in this matter, nor will Defendants be prejudiced.

## ARGUMENT

Under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may
> be relieved or displaced only by order of the court and may not

1

> withdraw from a case without leave of the Court granted by order.
> Such an order may be granted only upon a showing by affidavit or
> otherwise of satisfactory reasons for withdrawal or displacement
> and the posture of the case, including its position, if any, on the
> calendar.

Accordingly, "[w]hen considering whether to grant a motion to dismiss, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

## I.     Conflict of interest justifies withdrawal.

New York Courts have permitted withdrawal where a conflict of interest arises between an attorney and client. *See, e.g., International Business Counselors, Inc. v. Bank of Ikeda, Ltd.*, 1990 U.S. Dist. LEXIS 2550 (S.D.N.Y. Mar. 9, 1990). A conflict of interest occurs if, during the course of the representation, the attorney's and client's interests diverge with respect to a material factual or legal issue or to a course of action. *See United States v. Malpiedi*, 62 F.3d 465, 469 (2d Cir. 1995)).

As set for in the proposed Affirmation, a conflict of interest exists between Plaintiff and Law Office of Gregory P. Mouton, Jr., LLC. As such, it is respectfully requested that the Court allow Law Office of Gregory P. Mouton, Jr., LLC to withdraw as counsel to Plaintiff in this matter.

## II.    Withdrawing at this stage of litigation would not duly disrupt the existing case schedule.

Where discovery has not yet closed and a case is not "on the verge of trial readiness," withdrawal of counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan.

2

29, 2013) (quoting *Blue Angel Films*, 2011 WL 672245, at *2); *accord Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011).

Indeed, courts frequently grant motions to withdraw as counsel at equivalent, or even later, stages of litigation. *See, e.g., D.E.A.R. Cinestudi*, 2006 WL 1676485, at *1-2 (granting counsel's motion to withdraw due to lack of payment of fees where discovery was complete and trial was months away); *Spadola v. New York City Trans. Auth.*, No. 00 CIV 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002) (allowing counsel to withdraw where discovery had been completed and client had not paid outstanding legal fees because client "would not be unduly prejudiced by his counsel's withdrawal at this stage of litigation."); *Promotica of America, Inc. v. Johnson Grossfield, Inc.*, No. 98 CIV. 7414, 2000 WL 424184, at *1-2 (S.D.N.Y. Apr. 18, 2000) (granting motion to withdraw where discovery was closed and case was ready for trial); *Cf. Furlow v. City of New York*, No. 90 Civ. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (where document discovery was complete but depositions had not been taken, withdrawal permissible because "this action is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture").

In the instant matter, a preliminary conference has not even been held yet.  As such, there is no discovery schedule in this matter, and the withdrawal of Law Office of Gregory P. Mouton, Jr., LLC as counsel to Plaintiff will not disrupt this matter.

## III. Withdrawal of counsel will not prejudice Defendants

Likewise, as there is a stay in this action under the SDNY Section 1983 Plan, which mandates a stay in discovery while the matter goes through the mediation process, there is no prejudice to Defendants. *See, e.g., Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 17008 at *9 (S.D.N.Y. 2005) (citing *Furlow v. New York*, 1993 U.S. Dist. LEXIS

3

3510 at *4-5 (S.D.N.Y. 1993)) (holding that client would not be prejudiced by counsel's withdrawal while client's summary judgment motion was *sub judice).*

**IV.     The supporting Affirmation should be filed under seal.**

Because the proposed Affirmation pertains to communications between Plaintiff and his counsel, case law supports it being filed under seal and not being provided to defendants in order to avoid potential prejudice to Plaintiff.  *E.g., Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 164-5 (E.D.N.Y. 2006).  The *Team Obsolete* court stated that "a review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts."  *Id.* (citing *Weinberger v. Provident Life & Cas. Ins. Co.,* No. 97-cv-9262, 1998 U.S. Dist. LEXIS 19859 (S.D.N.Y. 1998)).

When the Court reviews the proposed Affirmation *in camera,* it will see that the Affirmation contains only confidential attorney-client communications and thus "does not implicate the [defendants'] interests in this litigation."  *Team Obsolete*, *supra*, 464 F. Supp. at 164; *see also Harrison Conference Services, Inc. v. Dolce Conference Services, Inc.*, 806 F. Supp. 23, 25-26 (E.D.N.Y. 1992) (documents were properly submitted *in camera* and defendants had no interest in the outcome of the dispute and thus were "not entitled to a more complete description of this dispute, or a briefing schedule which will permit them to respond further.").  Thus, the Court should allow the filing of the proposed Affirmation under seal, with a copy to be served on Plaintiff.

4

## **CONCLUSION**

For all the foregoing reasons, as well as those matters set forth in the proposed Affirmation, Law Office of Gregory P. Mouton, Jr., LLC respectfully requests that it be permitted to file the proposed Affirmation under seal and that, upon review of the Affirmation, the Court grant the motion of Law Office of Gregory P. Mouton, Jr., LLC to withdraw as counsel for Plaintiff in this matter, as well as such other and further relief as the Court may deem just and necessary.

Dated: New York, New York
      March 30, 2015

          /s/
          Gregory P. Mouton, Jr., Esq.
          Law Office of Gregory P. Mouton, Jr., LLC
          *Counsel for Plaintiff*
          305 Broadway, 14th Floor
          New York, NY  10007
          Phone & Fax: (646) 706-7481
          greg@moutonlawnyc.com

5

Index No. 14 Civ. 6628 (AT) (DCF)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEHMIAS MUNOZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ROBERT REID, POLICE OFFICER STEPHEN JONES, SERGEANT BRIAN FLYNN, and SERGEANT JAMES KELLY,

Defendants.

---

MEMORANDUM OF LAW IN SUPPORT OF
LAW OFFICE OF GREGORY P. MOUTON, JR., LLC'S
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

---



**LAW OFFICE OF GREGORY P. MOUTON, JR., LLC**
Gregory P. Mouton, Jr., Esq., *Principal*
305 Broadway, 14th Floor
New York, NY 10007
Phone & Fax: (646) 706-7481