```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NEHMIAS MUNOZ,                            :
                                          :
                      Plaintiff,          :     14cv6628 (DLC)
                                          :
     -v-                                  :     MEMORANDUM OPINION
                                          :         AND ORDER
THE CITY OF NEW YORK, POLICE OFFICER      :
ROBERT REID, POLICE OFFICER STEPHEN       :
JONES, SERGEANT BRIAN FLYNN, and          :
SERGEANT JAMES KELLY,                     :
                                          :
                      Defendants.         :
------------------------------------------ X
```

APPEARANCES:

For the plaintiff:
Pro Se Nehmias Munoz

For the defendants:
Ariel Shaun Lichterman
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

　　This action arises out of the arrest of the plaintiff Nehmias Munoz ("Munoz") on September 13, 2011, following his commission of an armed robbery in the Bronx, New York.  The plaintiff asserts that the arresting officers used excessive force against him.  The defendants moved for summary judgment on July 15, 2016.  For the following reasons, the defendants' motion is granted in part.

　　The following facts are undisputed or taken in the light most favorable to the plaintiff, unless otherwise noted.  On

the afternoon of September 13, 2011, Munoz robbed a man at gunpoint while high on crack cocaine. Afterwards, Munoz entered a nearby deli, still carrying the gun. The individual defendants then arrived at the deli and approached Munoz. Upon seeing the defendants, Munoz brandished the gun and told them, "This ain't for you." The defendants took Munoz to the ground and seized his gun from him.

During this struggle, Munoz bit Jones on the wrist and told the defendants that he was "not going back to jail" and that they were "gonna have to kill [him]." According to the plaintiff, the defendants struck Munoz in the head, punched him multiple times, and twisted his arm; Munoz sustained lacerations above his left eye and on his arm, as well as one or two broken ribs. At some point, the defendants handcuffed Munoz. The order in which these events transpired constitutes the central factual dispute in this case.

Munoz was indicted by a New York grand jury on charges of first-degree robbery, criminal possession of a weapon, assault, and resisting arrest. On April 16, 2013, Munoz pleaded guilty to first-degree robbery.

Munoz alleges that the defendants used excessive force in violation of his rights pursuant to 42 U.S.C. § 1983 and the Fourth Amendment. In making an arrest, "law enforcement officers violate the Fourth Amendment if the amount of force

they use is objectively unreasonable in light of the facts and circumstances confronting them." Rogoz v. City of Hartford, 796 F.3d 236, 246 (2d Cir. 2015) (citation omitted). "The reasonableness of the amount of force used . . . must be judged from the perspective of a reasonable officer on the scene . . . at the moment the force is used." Id. at 246-47 (citation omitted). Additionally, an "officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force[] and may be held liable for his failure to do so if he observes the use of force and has sufficient time to act to prevent it." Figueroa v. Mazza, 825 F.3d 89, 106 (2d Cir. 2016).

The parties agree that the defendants were entitled to use force to effect Munoz's arrest. According to Munoz, however, the defendants continued to use force against him after he had been disarmed, handcuffed, and subdued. Testimony that officers used injurious force against a restrained and compliant arrestee is sufficient to raise a genuine dispute of material fact. See Rogoz, 796 F.3d at 250-51; Tracy v. Freshwater, 623 F.3d 90, 98-99 (2d Cir. 2010). If a reasonable jury were to credit Munoz's account, they could find that the defendants' use of force was excessive. See Tracy, 623 F.3d at 98-99. These questions of fact and credibility are "a matter for the factfinder; it [i]s not a matter that the court c[an]

properly resolve on a motion for summary judgment." Rogoz, 796 F.3d at 249. For the same reasons, this factual dispute precludes summary judgment on the basis of qualified immunity. Id.

The defendants also move for summary judgment on Munoz's excessive-force claims to the extent he relies on a failure-to-intervene theory of liability. Plaintiff has presented sufficient evidence to infer reasonably that any officer who did not apply excessive force may be liable for failing to intervene to stop it. This suffices to show each officer's personal involvement in the constitutional violation and to preclude summary judgment. See Fischl v. Armitage, 128 F.3d 50, 57 (2d Cir. 1997).

Finally, the defendants move for summary judgment on Munoz's claims against the City of New York (the "City"). Munoz has offered no evidence concerning municipal liability. Munoz responds by requesting the opportunity to conduct additional discovery and the appointment of an attorney to assist in that effort. While Munoz has been assisted by counsel during a portion of this litigation, he is currently proceeding pro se. Fact discovery in this action closed in May 2016. The plaintiff has offered no evidence suggesting that any use of excessive force by the individual defendants was carried out pursuant to any municipal policy or practice and no

4

basis to find that further discovery will yield such evidence. The arrest was made while the plaintiff was under the influence of drugs, shouting, and displaying a weapon.  These were challenging circumstances in which to conduct an arrest, and the plaintiff was arrested without either his or the officers' weapons being fired.  Partial summary judgment is therefore appropriate with regard to Munoz's claims against the City. See Mitchell v. City of New York, 841 F.3d 72, 80 (2d Cir. 2016) (citing Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694-95 (1978)).  Accordingly, it is hereby

ORDERED that the defendants' July 15, 2016 motion for summary judgment is granted as to the plaintiff's claims against the City, and it is denied as to the plaintiff's claims against the individual defendants.

SO ORDERED.

Dated:   New York, New York
         December 30, 2016

                                    _____
                                    DENISE COTE
                                    United States District Judge